

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00172-CR

———————————————

DANIEL YOUNGBLOOD, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR15272

Dissenting Memorandum Opinion by Justice Wallach

**DISSENTING MEMORANDUM OPINION**

Because I do not believe that the delay in this case was presumptively prejudicial, as held by the majority, I respectfully dissent. The Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution provide for the right to a speedy trial in a criminal prosecution. *State v. Lopez*, 631 S.W.3d 107, 113 (Tex. Crim. App. 2021); *see* U.S. Const. amend. VI; Tex. Const. art. I, § 10. The first inquiry in a speedy trial analysis is whether the delay between the time the defendant is formally accused or arrested to the time of trial "has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Lopez*, 631 S.W.3d at 114. However, there is no constitutional test quantifying the number of days or months to determine exactly when that dividing line has been crossed. *Id.* at 114. As expressed by the court in *Lopez*,

> Indeed, the length of delay that will provoke an inquiry into the speedy trial factors "is necessarily dependent upon the peculiar circumstances of the case." *Zamorano v. State*, 84 S.W.3d 643, 648–49 (Tex. Crim. App. 2002) (quoting *Barker* [*v. Wingo*], 407 U.S. [514,] 530–31, 92 S. Ct. 2182[, 2192 (1972)]). Such circumstances may include the nature of the charged offense, and whether the defendant can make bail or must await trial while confined in jail. *See Barker*, 407 U.S. at 519–20, 92 S. Ct. [at 2186–57]. And "the delay that can be tolerated for an ordinary street crime is considerably less than for a serious, complex conspiracy charge." *Id.* at 531, 92 S. Ct. [at 2192]. Deliberate delay to hamper the defense weighs heavily against the State, while more neutral reasons like negligence or overcrowded courts weigh against the State but less heavily. *Hopper* [*v. State*], 520 S.W.3d [915,] 924[ (Tex. Crim. App. 2017)].

*Id.*

Lopez was originally arrested for the felony offense of causing bodily injury to an elderly person. *Id.* at 110; *see* Tex. Penal Code Ann. § 22.04(a). He spent 112 days in jail with the charge being reduced to a Class A misdemeanor after 85 days. *Lopez*, 631 S.W.3d at 110. The trial court granted Lopez's motion to dismiss the charge on speedy trial grounds. The court of appeals affirmed the dismissal, but the Court of Criminal Appeals reversed. *Id.* Among other holdings, the Court of Criminal Appeals held that the 112 days, under the facts of the case, did not raise a case of presumptive harm sufficient to require further analysis. *Id.* at 115.

In *State v. Elizondo*, No. 04-21-00489-CR, 2022 WL 3047103, at *1 (Tex. App.—San Antonio Aug. 3, 2022, no pet.) (mem. op., not designated for publication), Elizondo was charged with a Class A misdemeanor offense of driving while intoxicated. Seven months elapsed from the date of his arrest until his charges were dismissed on speedy trial grounds. The State appealed, contending that the seven-month time frame was not presumptively prejudicial, which the court of appeals sustained. *Id.* As part of its analysis in reaching its conclusion, the court quoted from LaFave,

> "While some courts still follow the eight-month mark or even something shorter, most have settled on a somewhat longer period, such as nine months or, more commonly, a time 'approaching,' at, or slightly (or even more than slightly) beyond one year." 5 Wayne R. LaFave, et al., Criminal Procedure, § 18.2(b), p. 130 (4th ed. 2015) (footnotes omitted).[2]

*Id.* at *2. In its footnote 2, the court noted that the Court of Criminal Appeals had cited an earlier edition of this treatise when noting that courts generally hold that an eight-month or longer delay is "presumptively unreasonable." *Id.* at *2 n.2 (citing *Harris v. State*, 827 S.W.2d 949, 956 (Tex. Crim. App. 1992)). However, the *Harris* court was actually presented with a thirteen-month delay, which it assumed was presumptively unreasonable in its analysis. *Harris*, 827 S.W.2d at 957. Regardless, LaFave now notes that the trend is toward longer delays, akin to the delay in this case, being necessary to reach the "presumptively unreasonable" threshold.

Here, we have two potential start dates for the "speedy trial" clock. Youngblood was arrested on the misdemeanor charge on April 29, 2021. Using that starting point, the resultant delay would have been 438 days, clearly within the "presumptive delay" authorities. However, that date is not a proper date to utilize to start the clock. *Stone v. State*, No. 08-16-00343-CR, 2018 WL 1737076, at *4–6 (Tex. App.—El Paso Apr. 11, 2018, pet. ref'd) (not designated for publication). Nothing in the record indicates that the misdemeanor charge was ever prosecuted, and it is not the subject of this appeal. The right to a speedy trial attaches when a person becomes an "accused," meaning when he has been arrested or charged by indictment or information. *Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008); *Elizondo*, 2022 WL 3047103, at *1. Youngblood was not arrested on the felony charge until August 28, 2021, resulting in a much shorter ten-and-a-half-month delay. Given the recognized trend of courts of increasing the threshold delay for "presumptive

unreasonableness," I would hold that there was no "presumptively unreasonable" delay in this case, and I would vote to affirm the judgment of the trial court.

/s/ Mike Wallach

Mike Wallach
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 13, 2023